IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS,
BEAUMONT DIVISION

| | | |
|---|---|---|
| CHAUNCEY SHORT | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-229 |
| | § | |
| VB2 GROUP CORP, JACK DOVE, | § | |
| RONALD JOHNSON, WORTHINGTON | § | |
| ENTERPRISES, LLC, AVIS BUDGET | § | |
| CAR RENTAL, LLC, SMITH-CARGO | § | |
| TRANSPORTATION, LLC, AND HENIFF | § | |
| TRANSPORTATION SYSTEMS, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT HENIFF TRANSPORTATION SYSTEMS, LLC'S NOTICE OF REMOVAL

### I. OVERVIEW

1.      This is a personal injury case arising from a motor vehicle accident that occurred in Jefferson County, Texas, on or about June 22, 2018.[1]

2.      Plaintiff Chauncey Short claims he suffered personal injuries as a result of the alleged negligence of the defendants. Mr. Short filed suit against Defendants VBZ Group Corporation (incorrectly referenced as "VB2"), Jack Dove, Ronald Johnson, Worthington Enterprises, LLC, and Avis Budget Car Rental, LLC on March 19, 2020.[2] Plaintiff amended his pleadings to add Defendants Heniff Transportation Systems, LLC, and Smith-Cargo Transportation, LLC on May 15, 2020.[3]

---

[1] Ex. 1 (Plaintiff's Original Petition) ¶ 3.01.
[2] *Id.* ¶¶ 1.02–1.06.
[3] Ex. 2 (Plaintiff's First Amended Petition) ¶¶ 1.07–1.08.

3.      The suit was filed in the 58th Judicial District Court of Jefferson County, Texas under cause number A-205527, styled *Chauncey Short v. VB2 Group Corp, et al.*[4]

### III.  BACKGROUND

4.      In order to address why this Court has jurisdiction in this suit and why this removal is timely, some additional background is necessary:

*The Accident*

5.      The accident occurred on IH-10 on June 22, 2018, in Beaumont.[5] Three vehicles were involved: (1) A Toyota Camry rental car driven by Defendant Ronald Johnson, in which Plaintiff was a passenger; (2) a tractor-trailer owned by Defendant VBZ Group and operated by Defendant Jack Dove, and (3) a sedan driven by a non-party.[6] Immediately before the accident occurred, the rental car Plaintiff was riding in was in the right lane, and Defendant VBZ's tractor-trailer was in the left lane.[7] Ahead of Plaintiff's rental car was Defendant Heniff Transportation's tractor-trailer (not listed on the police report), and in the left lane ahead of VBZ's tractor-trailer was the non-party's sedan.[8]

6.      As traffic ahead on the freeway slowed abruptly, Plaintiff's rental switched to the inside lane in front of Defendant VBZ's tractor-trailer, which made contact with the rental car.[9] The rental car, in turn, made contact with the rear of the non-party's sedan.[10] Heniff's tractor-trailer did not make contact with any vehicles involved in the accident.[11]

---

[4] *Id.* at 1.
[5] Ex. 1 ¶ 3.01; Ex. 3 (Certified Police Report) at 2.
[6] Ex. 3 at 2–4.
[7] *Id.* at 3; Ex. 4 (Short Deposition Excerpts) at 23:8–11.
[8] Ex. 3 at 3.
[9] Ex. 3 at 3; Ex. 4 at 114:25–115:6.
[10] *Id.*
[11] *See* Ex. 4 at 115:14–116:2.

7.      The investigating officer issued Ronald Johnson tickets for changing lanes when unsafe and not having a driver's license.[12]

8.      The rental car had been rented out by Plaintiff Chauncey Short.[13] Short had picked up the car from an Avis location in Baton Rouge, Louisiana, the previous day.[14] He and Ronald had travelled to Huntsville, Texas, to pick up Short's cousin, Charlie Johnson, from prison, and were on their way back to Louisiana when the accident occurred.[15]

*The Parties*

9.      Short filed suit against Ronald, VBZ, Jack Dove, Avis, and Worthington Enterprises on March 19, 2020.[16] Mr. Short subsequently amended his pleadings on May 15, 2020, to add as defendants Heniff Transportation Systems and Smith-Cargo Transportation.[17] The domicile of these parties is listed as follows:

| Party | Domicile | Non-Suited (if applicable) |
|---|---|---|
| Plaintiff Chauncey Short | Louisiana[18] | N/A |
| Defendant Ronald Johnson | Louisiana[19] | April 27, 2022 |
| Defendant VBZ Group Corp. | Florida[20] | N/A |
| Defendant Jack Dove | Florida[21] | N/A |

---

[12] Ex. 3 at 3.

[13] Ex. 5 (AVIS Rental Agreement); Ex. 6 (AVIS Accident Report).

[14] Ex. 5; Ex. 4 at 78:21–79:2.

[15] Ex. 4 at 69:7–71:11.

[16] Ex. 1 at 1.

[17] Ex. 2 at 1.

[18] Ex. 1 ¶ 1.01.

[19] *Id.* ¶ 1.04.

[20] Ex. 7 (VBZ Group Corp. Articles of Incorporation) (showing company was incorporated in Florida in 2012); Ex. 8 (VBZ Group Corp. Annual Report 2019) (showing company's principal place of business was in Florida when suit was filed); Ex. 9 (VBZ Group Corp. Annual Report 2022) (showing company's principal place of business remains in Florida).

[21] Ex. 1 ¶ 1.03. Defendant Jack Dove is currently incarcerated. He was recently moved from a prison in Georgia to a prison in Louisiana. However, for purposes of diversity jurisdiction, his residency is presumed to be the location where he lived before he was incarcerated—namely, Florida. *Davis v. Guthrie*, 3:13-CV-1704-O, 2014 WL 46130, at *3 (N.D. Tex. Jan. 6, 2014) ("In cases where a prisoner's citizenship is at issue, federal 'courts have held that [he] is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state.'"). To rebut this presumption, Plaintiff would have to demonstrate that Mr. Dove intends to remain in Louisiana permanently. *Davis*, 2014 WL 46130 at *3.

| | | |
|---|---|---|
| Defendant Avis Budget Car Rental, LLC | New Jersey[22] | April 9, 2021 |
| Defendant Worthington Enterprises, LLC | Texas[23] | April 9, 2021 |
| Defendant Heniff Transportation Systems, LLC | Illinois[24] | N/A |
| Defendant Smith-Cargo Transportation, LLC | New York[25] | N/A |

10.    Of all the defendants sued, two originally prevented removal: Worthington Enterprises, LLC (via the forum defendant rule) and Ronald Johnson (the only non-diverse Defendant).

11.    According to information publicly available online, Worthington Enterprises is located at the Jack Brooks Regional Airport in Beaumont.[26] It is *not* located in Baton Rouge, Louisiana, where Plaintiff rented his rental car. It does not rent out sedans. It is a cargo truck rental facility for Budget Rent a Car System, Inc.[27] Plaintiff never explained Worthington Enterprises' connection to this suit, and Worthington Enterprises never filed an answer in the case.[28] Per Plaintiff's testimony, he rented the Toyota Camry he was riding in when the accident occurred from an Avis location in Baton Rouge. He never visited Worthington Enterprises or the airport in Beaumont in connection with this trip. Paperwork produced by Avis in connection with the suit further confirms Plaintiff picked up the vehicle in Baton Rouge and makes no mention of

---

[22] Ex. 10 (AVIS Budget Car Rental Business Entity Information) (showing AVIS' members are located in New Jersey); Ex. 11 (AVIS Budget Car Rental Management Information) (same).

[23] Ex. 12 (Worthington Enterprises, LLC).

[24] Ex. 13 (Heniff Transportation Systems, LLC's Members) (showing Heniff's members are located in Illinois); Ex. 14 (Heniff Transportation Systems, LLC's Management) (same).

[25] Ex. 15 (Smith Transportation Services, LLC Annual Report 2019) (showing Smith Transportation's managing member was Post Capital Equity Partners III, LP when Plaintiff's suit was filed); Ex. 16 (Post Capital Equity Partners III LP SEC Filing) (showing Post Capital Equity Partners III LP is based out of New York); Ex. 17 (Post Capital Partners Press Release) (same). Post Capital Equity Partners III, LP, was organized in Delaware but is based out of New York. Upon information and belief, this entity's partners are domiciled in New York, and none of its partners were domiciled in Texas or Louisiana when Plaintiff's suit was filed.

[26] Ex. 18 (Worthington Enterprises, LLC).

[27] *Id.*

[28] *See, e.g.*, Ex. 2 ⁋ 3.12 (alleging Worthington Enterprises operates a business interchangeably known as Avis Car Rental, but providing no further information to support this theory or explain the company's connection to the Avis location in Baton Rouge, Louisiana, where Plaintiff rented the sedan at issue).

Worthington Enterprises or the Beaumont airport.[29] Plaintiff nonsuited Worthington Enterprises,

LLC and Avis Budget Car Rental, LLC on April 9, 2021, just over one year after filing suit against

them.[30]

12.     As to Ronald Johnson, Plaintiff's allegations against Johnson have changed over

time, culminating in Plaintiff's non-suit of this defendant on April 27, 2022.[31] Plaintiff's Original

Petition noted that the investigating officer had found Ronald Johnson at fault for the collision and

that the finder of fact might find similarly.[32] However, in both Plaintiff's First Amended Petition

and Plaintiff's Original Disclosures, Plaintiff explained Johnson's involvement in the suit by

saying that "[i]t is alleged by one or more of the Defendants that as a result of the excessive speed

and/or sudden stoppage of the driver, agent and/or employee of Defendant, HENIFF

TRANSPORTATION SYSTEMS, LLC., Defendant, RONALD JOHNSON, allegedly took

evasive measures, including braking and moving into the 'fast' or left lane of IH-10 West."[33]

13.     Plaintiff never served Ronald Johnson with a copy of Plaintiff's First Amended

Petition or sought a default judgment when Johnson never filed an answer in the case.

14.     When asked about Johnson's responsibility for the accident at Mr. Short's

deposition, Plaintiff testified as follows:

> Q.   Okay.  And you've sued Mr. Johnson, as well; correct?
> A.   Yes.
> Q.   And that's because he changed lanes when it was unsafe to do
> so; correct?
>       MR. BRAGG:  Objection, form.
>       Go ahead.
> A.   No, that wasn't the reason.
> Q.   (BY MR. DOHERTY)  But you sued him and you said that he
> was negligent and grossly negligent.  Why did you -- what did he

---

[29] Ex. 5.
[30] Ex. 19 (Nonsuit of Avis and Worthington).
[31] Ex. 20 (Nonsuit of Johnson).
[32] Ex. 1 ¶ 3.06.
[33] Ex. 2 § 3.06 (bold text not bolded), Ex. 21 (Plaintiff's July 2020 Disclosures).

do that was negligent as well as grossly negligent, in your opinion?

      MR. BRAGG:  Object to the form.

      Answer if you can.

A.   Yeah.  I don't -- I don't know.  I don't know.  I don't know --
understand what you're asking.

. . . .

Q.   Well, let me ask it to you a different way. Mr. Short, you
don't go around suing people that didn't do anything to you; do
you?

      MR. BRAGG:  Objection, form.

Q.   (BY MR. DOHERTY)  Correct?

A.   What do you mean?

Q.   Sure.  You don't just sue people for no reason, do you?

A.   Some people do but --

Q.   I'm talking about you, Mr. Short.  I don't care about other
people.  You don't do that, do you?

A.   No, you're not supposed to.

Q.   Right.  And you sued Mr. Johnson, and there's a reason that
you sued him.  And you said in your petition that you filed this he
was negligent and that he caused the accident.

      Do you recall that?

A.   No, I do not recall that.[34]


. . . .

Q.   Okay.  What percentage of fault would you say Mr. Johnson
was?

      MR. BRAGG:  I'm going to object to that.

A.   I don't know.  I don't know what percentage, if any.

Q.   (BY MR. DOHERTY)  Right.  You sued him, so there's
something there but you just -- you don't want to give me a
percentage?

A.   Yeah, I can --

      MR. BRAGG:  Objection, form.

A.   See, well, because the thing about it, I feel like I'm – I'm
happy to be alive, so whatever happened that day was -- was -- I
am alive because of it.  That's my thing, so like, yeah, he --
whatever he did, it saved my life.

Q.   (BY MR. DOHERTY)  Does Ronald know that you sued
him?

A.   I don't know.

Q.   You never told him?

A.   No.

Q.   Do you communicate – he's incarcerated.  Do you ever
communicate with him?

---

[34] Ex. 4 at 10:13–12:1.

> A.    That's right.  You know, I have talked to him before but I
> haven't -- I haven't talked to him about this accident.[35]

15.    Per Mr. Short's testimony, he believes Mr. Johnson's actions saved his life, he is not sure why he sued him, and he never told Johnson that he was suing him.

16.    Johnson never filed an answer in this case, was not served with a copy of Plaintiff's First Amended Petition as required under Texas Rule of Civil Procedure 502.7, and Plaintiff apparently never sought discovery from Johnson.

17.    To the contrary, Plaintiff's counsel repeatedly obstructed discovery with respect to the scheduling of Mr. Johnson's deposition, as documented in the attached email correspondence.[36] For example, after providing the availability of Heniff Transportation Systems' corporate representative for deposition, defense counsel for Heniff proposed deposition dates for Ronald Johnson's deposition.[37] Plaintiff's counsel refused to provide availability for Ronald's deposition, responding that "Plaintiff will obtain these requested depositions [of VBZ and Heniff's corporate representatives] prior to putting other depositions [such as Johnson's] on the discovery calendar."[38]

18.    Months later, Plaintiff's counsel finally agreed to a date for Ronald Johnson's deposition, which was noticed for June 16, 2022. Plaintiff then nonsuited Mr. Johnson on April 27, 2022, stating:

> Defendant, RONALD JOHNSON, did not cause the collision made the basis of this litigation. As Plaintiff has nonsuited other Defendants who did not cause the collision, Plaintiff hereby nonsuits Defendant, RONALD JOHNSON, effective at the date and time filed. Plaintiff will continue to prosecute this lawsuit against the responsible parties.[39]

---

[35] *Id.* at 109:16–110:15.
[36] Ex. 22 (Email Regarding Scheduling of Ronald Johnson Deposition).
[37] Ex. 23 (Heniff Deposition Availability); Ex. 22.
[38] Ex. 22.
[39] Ex. 20 (bolded text not bolded).

### III. JURISDICTION

19.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and no proper-party defendant is domiciled in the same state as Plaintiff.[40] Furthermore, under 28 U.S.C. § 1441(b)(2), no defendant who is presently a party to the case is a citizen of Texas where this action was brought.[41] For these reasons, the amount-in-controversy and diversity requirements of 28 U.S.C. § 1332(a) are met, and the Court has jurisdiction over this action.

20.     Under 28 U.S.C. § 1446(b)(2)(A), Defendants VBZ Group Corporation, Jack Dove, and Smith-Cargo Transportation, LLC consent to removal of this action to this Court.[42]

### IV. TIMELINESS

21.     As addressed above, when Plaintiff filed this suit, it was not removable based on the inclusion of a Texas defendant (Worthington Enterprises, LLC) and a non-diverse defendant (Ronald Johnson from Louisiana). However, Plaintiff subsequently nonsuited Worthington on April 9, 2021, and Ronald Johnson on April 27, 2022—thirty days ago. 28 U.S.C. § 1446(b)(3) provides

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[4] Ex. 1 ¶ 2.01.
[41] See table provided at paragraph 9, above.
[42] Ex. 24 (Defendants VBZ, Dove, and Smith Consent to Removal).

Here, Defendant Heniff Transportation Systems, LLC received notice on April 27 of Plaintiff's

nonsuit of Johnson, and accordingly filed this removal within thirty days in accordance with 28

U.S.C. § 1446(b)(3).

> 22.    28 U.S.C. § 1446(c) provides that
>
> > A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith* in order to prevent a defendant from removing the action.[43]

In other words, Defendant Heniff Transportation Systems, LLC may remove the suit so long as

the diversity jurisdiction, forum defendant rule, and consent requirements are met, if Heniff can

show Plaintiff acted in bad faith to prevent removal in the first place.

> 23.    To determine if Plaintiff acted in bad faith under § 1446(c), federal courts have

developed a two-step process, explained as follows:

> > First, the Court looks to whether the plaintiff actively litigated against the removal-spoiling defendant in state court: asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera. If the plaintiff did not actively litigate against the removal spoiler, then bad faith is established; if the plaintiff actively litigated against the removal spoiler, then good faith is rebuttably presumed. In the standard's second step, the defendant may attempt to rebut the good-faith presumption with direct evidence of the plaintiff's subjective bad faith.[44]

> 24.    This standard was applied *Lawson v. Parker Hannifin Corporation*, decided by the

U.S. District Court for the Northern District of Texas, in which the plaintiff did not serve the non-

diverse defendant for seven months and then dropped the non-diverse defendant after the one-year

removal deadline had elapsed. When the defendant removed, the court found "[s]ufficient evidence

---

[43] 28 U.S.C. § 1446(c) (emphasis added).
[44] *Holland v. CSX Transportation, Inc.*, No. 2:21-CV-00377, 2021 WL 4448305, at *3 (S.D.W. Va. Sept. 28, 2021) (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014)).

of forum manipulation . . . to warrant application of the bad faith exception to the one-year removal

period."[45] Similarly, in *Hoyt v. Lane Construction Corporation*, the Fifth Circuit found that the

trial court did not make a clearly erroneous decision to allow removal after the one-year deadline

expired when the plaintiff waited until two days after the one-year deadline expired.[46]

25.     Here, the bad faith standard is met for several reasons. With regard to Johnson:

   a.   Plaintiff testified at his deposition less than a year after filing suit that he believed Ronald Johnson's actions saved his life when the accident occurred, that he had not told Johnson that he had sued him, and that he was unsure how to answer the question of why he had alleged Johnson's acts or omissions were negligent or grossly negligent;[47]

   b.   Plaintiff did not serve Johnson with a copy of his amended petition, as required by Texas Rule of Civil Procedure 502.7;

   c.   Plaintiff never sought a default judgment against Johnson when Johnson filed no answer in the case;

   d.   Plaintiff's counsel sought to postpone Johnson's deposition;

   e.   Plaintiff apparently never sought discovery from Johnson;

   f.   Plaintiff nonsuited Johnson when his deposition was finally scheduled more than a year after suit was filed; and

   g.   Plaintiff amended his pleadings and suggested in his Disclosures that it was Defendants, not Plaintiff, who thought Ronald Johnson was to blame for the accident.

26.     With regard to Worthington:

   a.   Plaintiff never sought a default judgment against Worthington when the company filed no answer in the case;

   b.   Plaintiff never fully explained why Worthington had any factual ties to the subject suit even though it trucks out of a Beaumont airport;

   c.   Plaintiff apparently never sought discovery from Worthington;

[45] *Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880, at *5 (N.D. Tex. Mar. 20, 2014).
[46] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019), as revised (Aug. 23, 2019).
[47] Ex. 4 at 10:13–12:1, 109:16–110:15.

        d.      Plaintiff did not serve the company with a copy of his amended petition, as required by Texas Rule of Civil Procedure 502.7; and

        e.      Plaintiff nonsuited Worthington just over a year after filing suit.

27.      Plaintiff's activities reflect conduct intentionally meant to prevent Defendants from removing this suit to federal court.

### V. CONDITIONS PRECEDENT

28.      Defendant Heniff Transportation Systems, LLC has tendered the required filing fee to the Clerk of the United States District Court for the Eastern District of Texas, Beaumont Division, along with this Notice of Removal. Defendant will promptly file a copy of this Notice of Removal with the Jefferson County Clerk and will provide notice to Plaintiff through his counsel of record.

29.      Copies of all executed process, pleadings, and orders filed in state court, as well as the docket sheet, an index of matters being filed, and list of counsel of record accompany this notice.[48]

### VI. CONDITIONAL REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY

30.      If Plaintiff contests this removal, Defendant Heniff Transportation Systems, LLC requests (1) a hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter; (2) the opportunity to present evidence demonstrating the existence of federal jurisdiction and the propriety of removal; and (3) leave to conduct limited discovery related to those issues.[49]

### VII. JURY DEMAND

31.      Defendant Heniff Transportation Systems, LLC demands a jury trial.

---

[48] *See* 28 U.S.C. § 1446; E.D. Tex. Local Rule CV-81; Ex. 25 (Index of Documents); Ex. 26 (Docket Sheet); Ex. 27 (List of Counsel of Record).

[49] *See, e.g.*, *Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-XC-2213-JWL, 2008 WL 2354965 (D. Kan. June 5, 2008).

## VIII.  EXHIBITS

32.      The following exhibits are incorporated into this Notice of Removal by reference:

Exhibit 1        Plaintiff's Original Petition

Exhibit 2        Plaintiff's First Amended Petition

Exhibit 3        Certified Police Report

Exhibit 4        Short Deposition Excerpts

Exhibit 5        AVIS Rental Agreement

Exhibit 6        AVIS Accident Report

Exhibit 7        VBZ Group Corp. Articles of Incorporation

Exhibit 8        VBZ Group Corp. Annual Report 2019

Exhibit 9        VBZ Group Corp. Annual Report 2022

Exhibit 10       AVIS Budget Car Rental Business Entity Information

Exhibit 11       AVIS Budget Car Rental Management Information

Exhibit 12       Worthington Enterprises, LLC

Exhibit 13       Heniff Transportation Systems, LLC's Members

Exhibit 14       Heniff Transportation Systems, LLC's Management

Exhibit 15       Smith Transportation Services, LLC Annual Report 2019

Exhibit 16       Post Capital Equity Partners III LP SEC Filing

Exhibit 17       Post Capital Partners Press Release

Exhibit 18       Worthington Enterprises, LLC

Exhibit 19       Nonsuit of AVIS and Worthington

Exhibit 20       Nonsuit of Johnson

Exhibit 21       Plaintiff's July 2020 Disclosures

Exhibit 22       Email Regarding Scheduling of Ronald Johnson Deposition

Exhibit 23       Heniff Deposition Availability

Exhibit 24       Defendants VBZ, Dove, and Smith Consent to Removal

Exhibit 25       Index of Documents

Exhibit 26       Docket Sheet

Exhibit 27       List of Counsel of Record

## IX.  CONCLUSION

33.      Defendant Heniff Transportation Systems, LLC respectfully requests that this action be removed from the 58th Judicial District Court of Jefferson County, Texas to this Court.

Respectfully submitted,

**THE FUENTES FIRM, P.C.**

/s/ *Nicholas Van Cleve*

NICHOLAS VAN CLEVE
State Bar No. 24115889
Federal Bar No. 3498651
DAVID HELMEY
State Bar No. 24092504
Federal Bar No. 2790922
5507 Louetta Road, Suite A
Spring, Texas 77379
Telephone: (281) 378-7640
nicholas@fuentesfirm.com
david@fuentesfirm.com
**ATTORNEYS FOR HENIFF**
**TRANSPORTATION SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record through the Court's ECF system on May 27, 2022:

Gilbert Adams, III                                   gilbert@gta-law.com
Attorney for Plaintiff


Brendan P. Doherty                                 bdoherty@glllaw.com
Attorney for Defendants
VBZ Group Corp, Jack
Dove, and Smith Cargo
Transportation, LLC


                                                   /s/ *Nicholas Van Cleve*
                                                   NICHOLAS VAN CLEVE