FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/19/2020 11:17 AM
JAMIE SMITH
DISTRICT CLERK
A-205527

CAUSE NO. _____

| | | |
|---|---|---|
| **CHAUNCEY SHORT** | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| **VB2 GROUP CORP, JACK DOVE,** | § | |
| **RONALD JOHNSON, WORTHINGTON** | § | |
| **ENTERPRISES, LLC AND AVIS** | § | |
| **BUDGET CAR RENTAL, LLC** | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Plaintiff, **CHAUNCEY SHORT**, hereinafter referred to as Plaintiff, and complaining of **VB2 GROUP CORP, JACK DOVE**, **RONALD JOHNSON, WORTHINGTON ENTERPRISES, LLC** and/or **AVIS BUDGET CAR RENTAL, LLC** hereinafter referred to as Defendants, and in support hereof would show unto the Court as follows:

**1.00   PARTIES**

1.01   Plaintiff, **CHAUNCEY SHORT**, was at all material times including at the time of the collision and presently was a resident citizen of the State of Louisiana.

1.02   Defendant, **VB2 GROUP CORP,** is a foreign organization doing business in the State of Texas for the purpose of accumulating monetary profits.  Said Defendant does business in the State of Texas as its tractor driven by one or more of the other Defendants contributed to cause a crash in Jefferson County, Texas. Said Defendant may be served with process, citation and this petition by serving its agent for service of process as a nonresident doing business in this State and committing tortious conduct within this State causing Plaintiff's injuries and damages:  **Ms. Ruth Hughes, Secretary of the State of Texas** at **James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701** as in accordance with Rule 106 of the Texas Rules of Civil Procedure.  The Texas Secretary of State is directed to serve and did serve Defendant, VB2 Group Corp by serving its person in charge in accordance with §17.043 of the Texas Civil Practices & Remedies Code:

1 | P
EXHIBIT 1

>Person in Charge of VB2 Group Corp
>1054 Fairfax Lane
>Weston, Florida 33326

1.03  Defendant, **JACK DOVE**, is an individual non-resident Defendant residing in Florida who may be served with process by the constable delivering this petition, citation and process to **Mr. J. Bruce Bugg, Jr., Chairman Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701-2483** in accordance with Rule 106 of the Texas Rules of Civil Procedure.  Mr. Lewis is directed to and did serve the nonresident motorist in accordance with 17.061 of the Texas Civil Practice & Remedies Code by serving the nonresident Defendant, **JACK DOVE** at his usual and customary business address as identified to the investigating officer and identified on the crash report:

>1054 Fairfax Lane
>Weston, Florida 33326

1.04  Defendant, **RONALD JOHNSON**, was at all material times, resident citizen of the State of Louisiana; said Defendant may be served with process, citation and this petition by serving him at his current **3409 Pauger Street, New Orleans, Louisiana 70119** by certified mail return receipt in accordance with Rule 106 of the Texas Rules of Civil Procedure.

1.05  Defendant, **WORTHINGTON ENTERPRISES, LLC**, is a domestic organization doing business in the State of Texas for the purpose of accumulating monetary profits; said Defendant may be and was served with process, citation and this petition by serving its designated registered agent for service of process **Mr. Ken Lee Worthington** at its designated office for service of process at **161 Rose, Bridge City, Texas 77611** by certified mail return receipt in accordance with Rule 106 of the Texas Rules of Civil Procedure.

1.06  Defendant, **AVIS BUDGET CAR RENTAL, LLC**, is a foreign organization doing business in the State of Texas for the purpose of accumulating monetary profits; said Defendant may be and was served with process, citation and this petition by serving its

designated registered agent for service of process **Corporation Service Company** at it designated registered agent address of **211 E. 7th Street, Suite 620, Austin, Texas 78701-3218** by certified mail return receipt in accordance with Rule 106 of the Texas Rules of Civil Procedure.

**2.00    JURISDICTION AND VENUE**

2.01    Damages in this personal injury case, exclusive of interest and costs, exceed the minimum jurisdictional limits of this court.  Even though the amount in controversy exceeds seventy-five thousand dollars, jurisdiction is not proper in United States District Court because not all Plaintiffs and all Defendants are from different states.  More specifically, Plaintiff and Defendant, **RONALD JOHNSON**, were at all material times resident citizens of the same state (i.e., the  State of Louisiana) as referenced on the peace officer's crash report depriving US District Court of jurisdiction over the claims made the basis of this litigation.  Independently and alternatively, one or more of the Defendants were at all material times a resident citizen of the State of Texas as referenced hereinabove.  Finally, there is no federal question.   Therefore, there is no federal court jurisdiction.

2.02    Venue is proper in Jefferson County based on § 15.002 the Texas Civil Practice & Remedies Code as it is the county where all or a substantial part of the events or omissions giving rise to the claim, including the collision made the basis of this litigation, occurred.

2.03    This is a Level III case.

2.04    While Plaintiff prefers to leave the amount of damages up to the trier of fact based upon the evidence admitted at the time of trial, it is anticipated Defendants will not participate in discovery until such time as Plaintiff makes a plea pursuant to Rule 47(c); so, in this regard, Plaintiff plead that Rule 47(c)(5) is applicable to this case at this time, subject to further amendment including post-verdict trial amendment.

**3.00** <u>STATEMENT OF FACTS</u>

3.01     This suit is necessary to collect a legal debt and damages due and owing your Plaintiff, arising from an automobile wreck that occurred on or about June 22, 2018 while Plaintiff was a passenger in a vehicle that was travelling on Interstate 10 in Beaumont, Jefferson County, Texas when the collision occurred.  Plaintiff was not negligent in causing the collision as a passenger.

3.02     At the outset, Plaintiff renews his request that Defendants preserve all documents and evidence which may be relevant or discoverable in this matter, including but not limited to electronic crash data, including speed and brakes data, the driver qualification, employee or personnel file of Defendant, **JACK DOVE** and the log books for the one year preceding the occurrence. Plaintiff's counsel has requested the preservation and exchange of this evidence by written communication to counsel representing.

3.03     The collision was caused as a result of negligence and/or gross negligence of the Defendant, **JACK DOVE**, while working in the course and scope of his agency and/or employment of and for Defendant, **VB2 GROUP CORP**.  At the time of the collision, Defendant, **JACK DOVE** was an employee or agent, actual or apparent, acting on behalf of Defendant, **VB2 GROUP CORP**. The tractor Defendant, **JACK DOVE** was operating, was owned, operated and/or controlled by Defendants **VB2 GROUP CORP** and/or its agents, servants and/or employees.

3.04     In addition to its own negligence, Defendant, **VB2 GROUP CORP**, is vicariously liable under the doctrine of *Respondeat Superior*.  In 49 CFR § 390.5, the Federal Motor Carrier Safety Regulations define the term "employee" as "any individual, other than an employer, who is employed by an employer and who is in the course of his or her employment directly affects motor vehicle safety.  Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course and scope of operating a commercial motor vehicle),

a mechanic, and a freight handler.  See *Consumers County Mut. Ins. Co. v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362 (5th Cir. 2002).   In addition to a common law employee, Defendant, **JACK DOVE**, was a statutory employee of Defendant, **VB2 GROUP CORP.**  Defendant, **VB2 GROUP CORP** ratified the conduct of Defendant, **JACK DOVE**.

3.05   As result of the negligence and gross negligence of the Defendants herein, the collision occurred which caused or contributed to cause Plaintiff's condition and/or injuries, including any that were not symptomatic at the time of the collision.

3.06   The investigating officer made a determination that the conduct of Defendant, **RONALD JOHNSON**, caused or contributed to cause the collision which the finder-of-fact may determine constituted negligence for which Plaintiff sues.

3.07   Defendants, **WORTHINGTON ENTERPRISES, LLC** and **AVIS BUDGET CAR RENTAL, LLC (**hereinafter sometimes referred to collectively as "AVIS CAR RENTAL") own, control and/or operate the business known interchangeably and/or in their assumed and/or common names described by TRCP 28 as AVIS CAR RENTAL, AVIS RENTAL, BUDGET CAR RENTAL and/or BUDGET RENTAL.   Pursuant to TRCP 28, Plaintiff sues these defendants in all capacities in which they do business.  AVIS CAR RENTAL owned the automobile Defendant, **RONALD JOHNSON**, was operating at the time of the occurrence and negligently entrusted the same to the operator, Defendant, **RONALD JOHNSON**, prior to the occurrence which was a legal cause of the collision and/or Plaintiff's injuries and/or damages.

3.08   Agent(s) of Defendants, **WORTHINGTON ENTERPRISES, LLC** and **AVIS BUDGET CAR RENTAL, LLC (**hereinafter sometimes referred to collectively as "AVIS CAR RENTAL") acting individually and/or in concert with one or more of the Defendants rented the car without ensuring, providing and/or disclosing the requirement for minimum limits of automobile insurance in Texas.  Had the agents and/or employees of AVIS CAR RENTAL

adequately performed respective job duties, they would and/or should have learned that the automobile should not have been rented without further, accurate and/or adequate proof of the minimum insurance limits of the State of Texas. The agents and/or employees of AVIS CAR RENTAL were negligent in the performance of their job duties.

3.09   As a result of the negligence and/or gross negligence of one or more of the Defendants, the collision occurred which caused or contributed to cause to Plaintiff's injuries and/or damages.

3.10   As a result of the negligence and/or gross negligence of one or more of the Defendants, a vehicle was negligently entrusted and allegedly put onto the roadways without the required minimum insurance limits of Texas and/or the right to reject UIM coverage which was a cause of Plaintiff's damages.

**4.00   CLAIMS FOR RELIEF**

4.01   All factual allegations set forth hereinabove and below are adopted into this count as though set forth herein word for word.

4.02   In particular, it is believed that on the occasion in question, the Defendants, **VB2 GROUP CORP, JACK DOVE**, **RONALD JOHNSON, WORTHINGTON ENTERPRISES, LLC** and/or **AVIS BUDGET CAR RENTAL, LLC**, failed to exercise the degree of care that a reasonable and prudent person and/or business entity would have in at least the following particulars:

      4.021   In causing the collision;

      4.022   In failing to attempt to swerve to avoid the collision;

      4.023   In failing to keep a proper look out;

      4.024   In failing to maintain proper control of his vehicle;

      4.025   In driving the vehicle in a reckless and unsafe manner;

      4.026   In failing to warn or sound the horn;

4.027 In failing to use the care of a reasonable prudent person in the operation of a vehicle;

4.028 In traveling at an unsafe speed for the circumstances;

4.029 In failing driving unsafely;

4.030 In failing to train, supervise and/or instruct while driving in, on or approaching icy conditions; alternatively, in failing to adequately train or re-train regarding same;

4.031 In negligent entrustment of the vehicle;

4.032 In negligently hiring;

4.033 In failing to make a timely application of the brakes of his vehicle;

4.034 In failing to turn his vehicle in order to avoid a collision;

4.035 In failing to timely and/or adequately apply the brakes;

4.036 In failing to allow Plaintiff to pass before attempting the illegal turn he was attempting;

4.037 In failing to re-train and/or adequately re-train;

4.038 In negligently hiring and/or retaining the Defendant driver;

4.039 In causing this collision and the Plaintiff's serious injuries and damages;

4.041 In failing to ascertain and/or ensure that the automobile would be driven with that insurance required by the State of Texas as a minimum;

4.040 Such other and further acts and omissions constituting negligence and gross negligence, as those terms are understood in law, as may be shown at the trial of this case.

4.03 In addition to common law negligence, one or more of the Defendants also violated certain provisions of the Texas Transportation Code and Texas Driver's Handbook published by the Texas Department of Public Safety constituting negligence *per se*, which includes but is not limited to the following:

4.031 Reckless driving (Tex. Transp. Code Ann. §545.401);

4.04    Plaintiff relies on the legal doctrine of *Respondeat Superior*. Whenever it is alleged herein that Defendants committed an act or omission, it shall be interpreted to include, and it is intended to include the acts and/or omissions of the agents, servants, and/or employees of the Defendant, while engaged in the course and scope of their employment and/or agency for Defendant.

4.05    The above acts, omissions, and mental attitude were singularly and/or severally a proximate cause of the injuries and damages sustained by your Plaintiff.

4.06    Additionally, your Plaintiff would show that the action and/or inactions of the Defendants as alleged hereinabove will have such a character as to indicate that it was the result of the conscience indifference to the rights, welfare and safety of your Plaintiff and others similarly situated.  Therefore, Defendants are guilty of gross negligence and/or malice for which it should be held liable in punitive and exemplary damages to your Plaintiff in an amount as found sufficient by the trier of fact and allowed by law.  Defendants have ratified the conduct of one another.

**5.00    DAMAGES**

5.01    As a producing and proximate result of the Defendants' tortious acts, the Plaintiff sustained severe and disabling injuries to body generally, including his neck, back and body generally, as well as other injuries which may be found in the medical records. Due to the nature and severity of his injuries, Plaintiff has been required to seek medical treatment. Plaintiff has been required to pay and incur liability to pay the charges which have been made for such medical services.  In the future, it is reasonably probable that Plaintiff will probably require additional medical care, treatment and procedures and will be required to pay and incur liability to pay the charges which will be made for such services.  The charges which have been made and which will be made for such services rendered to the Plaintiff has represented and will represent the usual, reasonable and customary charges for like and similar services in the vicinity where they have been

and will be rendered. All of such services, both past and future, have been and will be necessary in connection with the proper treatment of the injuries suffered by the Plaintiff as a result of the occurrence made the basis of this suit.

5.02 All of the above damages suffered by the Plaintiff are the proximate or producing results of the acts and/or omissions of the Defendants complained of in this Petition and are in excess of the minimum jurisdictional limits of this Court.

5.03 Your Plaintiff has sustained compensatory damages as a producing and/or proximate cause in at least the following particulars, which are expected and in all reasonable probability will continue into the future:

    5.031 Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

    5.032 Loss of earnings in the past;

    5.033 Loss of earning capacity;

    5.034 Physical pain and suffering;

    5.035 Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injuries have had on her life, and that they will probably have on the remainder of his life, including the anxiety of diminished life enjoyment and freedom of movement, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will probably be necessary to properly treat the Plaintiff; and/or

    5.036 Physical impairment.

5.04 Defendants' conduct gives rise to exemplary damages in an amount allowable by the applicable laws and statutes.

5.05 If your Plaintiff was suffering from any pre-existing disease or condition which could be said to have contributed to the injuries and damages herein alleged, they were not disabling until aggravated, excited and otherwise caused a flare-up as a natural consequence of the incident made the basis of this litigation.

**6.00  RIGHT TO AMEND**

6.01  Plaintiff hereby expressly reserves the right to amend their pleadings to conform to the evidence.

**7.00  PRAYER**

7.01  WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein and that on a final trial hereof, Plaintiff have judgment against the Defendants for an amount in excess of the minimum jurisdictional limits of this Court as compensation for your Plaintiff's damages, to be determined by the trier of fact, including:

    7.011  Actual damages as pleaded;

    7.012  Reasonable and necessary costs of medical care and treatment including doctors, hospitals, nurses, medicine, and other services and supplies in the past and future;

    7.013  Lost wages and loss of earning capacity, past and future;

    7.014  Physical pain and suffering, past and future;

    7.015  Mental anguish, not only with regard to the immediate incident as it unfolded, but also with regard to the devastating impact the incident and injuries have had on the Plaintiff's life, and that they will probably have on the remainder of the Plaintiff's life, including the loss of enjoyment of life, the anxiety of diminished life enjoyment and freedom of movement, the personal inconvenience, humiliation and embarrassment, and the fear and anxiety associated with the various therapies, medical procedures, and treatment that will in all reasonable probability be necessary to properly treat the Plaintiff in the future;

    7.016  Physical impairment, past and future;

    7.017  Pre-judgment and post-judgment interest in the highest amounts allowed by law;

    7.018  Exemplary damages;

    7.019  Costs of Court;

    7.020  Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

**8.00    REQUEST FOR JURY TRIAL**

       8.01    It is requested, pursuant to Rule 216 of the Texas Rules of Civil Procedure, that this matter be tried before a jury.  An appropriate jury fee has been submitted.

**9.00    REQUEST FOR DISCLOSURE AND USE OF DOCUMENTS AND FOR TRCP 193.3 WITHHOLDING STATEMENT**

       9.01    Plaintiff hereby requests that Defendants timely and fully comply with Rule 194(a)-(l) and make all supplements as soon as reasonably practicable.  Further, Plaintiff hereby place Defendants on notice that any documents marked as exhibits to depositions and/or produced by Defendants herein will be used in pre-trial and/or trial proceedings.  TRCP 193.3 is invoked and Defendants are requested to timely prepare a withholding statement adequately identifying any documents withheld from discovery on the basis of claim of privilege, in whole or part.

**10.00    DESIGNATION OF LEAD COUNSEL**

      10.01    Pursuant to Rule 8, of the Texas Rules of Civil Procedure, Gilbert T. Adams, III is designated as the attorney in charge for the Plaintiff in all matter relating to these claims.

                             Respectfully submitted,

                             GILBERT ADAMS LAW OFFICES
                             1855 Calder Avenue @ Third Street (77701)
                             P.O. Drawer 3688
                             Beaumont, Texas 77704
                             Phone (409) 835-3000
                             Fax (409) 832-6162
                             Email Gilbert@gta-law.com

                             */s/ Gilbert T. Adams, III*
                             _____
                             **GILBERT T. ADAMS, III**
                             State Bar No. 00790201

                             **ATTORNEY FOR PLAINTIFF**